McNULTY, Judge.
This appeal is before us in a peculiar posture. Appellant McGhee was charged with an offense in the Frostproof City Court. He sought by motion in that court to disqualify the presiding city judge for the reason that the judge was also the city *752 attorney.[1] The city judge denied the motion and appellant sought certiorari in the circuit court. Before any appearance by the city, the circuit judge sua sponte dismissed the petition for certiorari stating that: “ . . . Certiorari is an appellate proceeding for re-examination of action of an inferior tribunal and is a discretionary writ. While it may be used to restrain excesses of jurisdiction, it may not be used to test one’s qualifications for municipal office.” This appeal followed.
In his petition for certiorari appellant recited the essentials of the aforesaid proceedings in the city court upon which he based his petition; but unfortunately he concluded with the following prayer for relief :
“WHEREFORE, petitioner requests this court to grant a writ of certiorari and enter its order deciding whether Mary Alice Crano can lawfully hold two positions in the government of the City of Frostproof." (Italics ours.)
It was this prayer for relief which undoubtedly prompted the circuit judge apparently to conclude that the petition sounded essentially in quo warranto.
We think, however, the circuit judge misconstrued the essence of the relief sought. Notwithstanding the inartfully drawn prayer, it is patent that appellant sought to review the actions of the city judge in failing to recuse herself upon timely motion therefor. Such action was interlocutory, and no avenue of possible appellate review other than common law certiorari was available at that stage.
On this latter point, that is to say the availability of other remedies, it might at first blush appear that either quo war-ranto or prohibition would be appropriate. However, with respect to quo warranto, while it is ordinarily the proper method to determine entitlement to an office, it may be instituted only by the Attorney General (who, it appears, declined to do so in this case) or by a person claiming title to the office.[2] So that remedy doesn’t lie here.
As to prohibition, such writ only lies to prohibit a judicial or quasi-judicial officer from acting in excess of his jurisdiction. This isn’t the case here since, even if the allegations in the petition are true, the city judge would merely be a de facto judge rather than a de jure judge; and such fact would neither impair the jurisdiction of her office nor the validity of the exercise thereof.[3]
Rather than considering the proceeding essentially as an inquiry into the qualifications of the city judge, therefore, the circuit judge ought to have considered it as a review of the propriety of the city judge’s actions; and this is a proper function of certiorari. If he determined that the city judge departed from the essential requirements of law in denying the motion to recuse herself, and that such action was likely to cause appellant irreparable injury for which there was no other adequate remedy, the writ should have been granted. Otherwise, the writ should have been denied and appellant left to pursue such other remedies in the future as he may be advised.
We interpose to say that we do not, nor need we, reach the merits of the case. The able trial judge below did not decide them and we think it would be inappropriately presumptuous of us to assume that he needs our advice in the premises.
*753 In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.

.Art. 2 § 5, Fla.Const., F.S.A., provides in material part as follows:
“Public Officers
(a) . . . No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . .” (Italics ours.)

. See Rule 4.5, subd. e(l), F.A.R., 32 F.S.A.

. Cf. State ex rel. Booth v. Byington, Fla.App.1st, 1964, 168 So.2d 164, aff’d, Fla., 178 So.2d 1.